```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA

-----------------------------------------------------------------
                                )   CRIMINAL FILE
UNITED STATES of AMERICA        )   NO. 17-MJ-499 (HB)
                                )
        vs.                     )   Courtroom 9 East
                                )   Monday, June 12, 2017
TODD SEAVER KNUTSON             )   Minneapolis, Minnesota
                                )   3:03 p.m.
-----------------------------------------------------------------
```

**AUDIO DISC TRANSCRIPTION OF:**

**PRELIMINARY / DETENTION HEARING**

BEFORE THE HONORABLE DAVID T. SCHULTZ
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

For the Government:     **OFFICE OF THE U.S. ATTORNEY**
                        By:  ANDREW S. DUNNE
                             Assistant U.S. Attorney
                        600 United States Courthouse
                        300 South Fourth Street
                        Minneapolis, Minnesota  55415


For the Defendant:      **JOHN C. BRINK, LAWYER**
                        By:  JOHN C. BRINK, ESQUIRE
                        310 Fourth Avenue South - Suite 1008
                        Minneapolis, Minnesota  55415


**AUDIO DISC TRANSCRIBED BY:**

                        **TIMOTHY J. WILLETTE, RDR, CRR, CRC**
                        Official Court Reporter - U.S.D.C.
                        1005 United States Courthouse
                        300 South Fourth Street
                        Minneapolis, Minnesota  55415
                        612.664.5108

```
 1              (3:03 p.m.)
 2                        P R O C E E D I N G S
 3                           IN OPEN COURT
 4              (Defendant present)
 5              THE COURT:  All right.  We are here in the matter
 6    of the United States of America versus Todd Seaver Knutson
 7    on a preliminary detention hearing.
 8              Will counsel for the Government note your
 9    appearance, please.
10              MR. DUNNE:  Andrew Dunne, D-U-N-N-E, for the
11    Government.  Good afternoon, Your Honor.
12              THE COURT:  Good afternoon, Mr. Dunne.
13              And for the defendant?
14              MR. BRINK:  John C. Brink.
15              THE COURT:  Good afternoon, Mr. Brink.
16              The record should reflect that the defendant is of
17    course present in the courtroom as well, correct?
18              MR. BRINK:  He is.
19              THE COURT:  All right.  Mr. Dunne, do you wish to
20    proceed?
21              MR. DUNNE:  Yes, Your Honor.  The Government calls
22    Matt Parker.
23              MR. BRINK:  Your Honor, before -- there's a
24    preliminary matter I'd like to raise with you, if you don't
25    mind.
```

1          I was appointed on Friday, and the hearing, of
2   course, is Monday afternoon, so we haven't had much time.  I
3   had some family commitments on Friday.
4          Sunday I tried to drive up to the Sherburne County
5   Jail to see the defendant and I got caught in that storm and
6   I had to turn around and come back.
7          I got back home and I called the Sherburne County
8   Jail at 20 after 9:00 on Sunday morning and they wouldn't
9   let me talk to a human being.  They said leave a message for
10  the duty sergeant, because what I wanted was a phone call so
11  I could get ready for today's hearing, and they said leave a
12  message on the duty sergeant's voicemail, which I did.
13         I didn't hear back from him, so at 10:20 I called
14  back again and they wouldn't let me talk to a human being
15  and they said leave a message on the duty sergeant's
16  voicemail, which I did.  I explained who I was, what I
17  wanted.  I just wanted the client to be able to call me so
18  we could have a conversation about today's hearing.
19         At 11:20, I called and I just happened to catch a
20  guy who knew me, and I said, "Put me through to booking.  I
21  just got to get a message to my client to call me," and he
22  said, "Okay," which he did, and nothing happened.
23         12:20, I called back and I caught the same guy and
24  I said, "I still haven't heard from the client."  And he
25  said, "Well, I gave him the" -- "I told him to pass the

1   message back."  He said, "I'll tell him again."  I said,
2   "Well, thank you.  I appreciate that," and I'm sure he did.
3            At any rate, I talked to the client this morning
4   and nobody ever told him that I called, nobody ever gave him
5   a phone call, and then I find out this morning, or I find
6   out just now that he got in a beef with the jail staff out
7   there on the 8th when he got there.  And so they put him in
8   seg and there's a disciplinary report which I just received
9   five minutes ago.
10           It's not going to do any good for me to call the
11  marshals.  It's not going to do any good for me to beef with
12  the Sherburne County Jail.  You're the only person who can
13  help this out.  Now, if they think he misbehaved, they can
14  handle that however properly they do so, but they've got no
15  right to interfere with my representation of my client.  And
16  so they can't keep me away from him or him away from me.
17  They can do whatever else they like.
18           But I would like you to please communicate with
19  those folks that I'm not part of the problem.  I wasn't out
20  there and I didn't get in a beef with them.  And I'm
21  requesting that you talk to them, make sure that I have
22  access to him, please.
23           THE COURT:  Let me ask you this, Mr. Brink:  Are
24  you -- I'm not hearing you claim that you're not prepared to
25  go forward today, are you?

1    MR. BRINK:  Well, I was going to address that.
2              We can certainly go ahead with probable cause for
3    the preliminary hearing portion.  As to the detention
4    portion, I can live with that if you and Mr. Dunne will
5    permit me to come back if I come up with a plan for release.
6              What I'm trying to do is get him into a drug
7    treatment program, and if I can come up with a plan to
8    present to you and Mr. Dunne regarding pretrial release, if
9    I could have some leeway to come back with that, I could
10   live with that.
11             THE COURT:  I suspect that Mr. Dunne is not going
12   to be amenable to that approach.
13             MR. BRINK:  I know him too.
14             THE COURT:  Well, that's not based -- I don't know
15   Mr. Dunne.  Let me ask you this, Mr. Brink:  Did you have an
16   opportunity to consult with your client today?
17             MR. BRINK:  I did.
18             THE COURT:  And when and how did that consultation
19   take place?
20             MR. BRINK:  In the Marshals Service this morning
21   and again before court.
22             THE COURT:  Okay.  And how much time were you
23   given with him, total?
24             MR. BRINK:  Oh.  Forty-five minutes?
25        (Inaudible speaker)

1     THE COURT: Thirty, 45 minutes, somewhere --

2     MR. BRINK: I would say.

3     THE COURT: Okay. All right. Why don't -- let me
4  hear from Mr. Dunne if he wants to address these issues and
5  we'll see where we end up.

6     MR. BRINK: Thank you.

7     MR. DUNNE: Well, you're right. I'm not -- we're
8  moving for detention. We're not going to, regardless of the
9  plan, back off our motion for detention, and it's got
10 nothing to do with his drug treatment.

11    I absolutely agree that to the extent that there
12 are any barriers between Mr. Brink and his client in terms
13 of representation, I'm all in favor of giving him access to
14 his client.

15    I will point out that this beef -- I mean, it was
16 a major security incident at the jail. And I suspect
17 that -- without knowing the details, I suspect that may be
18 one of the reasons why there was difficulties allowing
19 communication so recently after this incident. It sounds
20 like they met a little bit today. If they need more time to
21 prepare, I am at the Court's beck and call. I'll come back
22 whenever the Court wants to go forward and I would like
23 Mr. Brink to be fully prepared for both probable cause and
24 detention.

25    THE COURT: Thank you, Mr. Dunne.

1           Mr. Brink, I think Mr. Dunne is correct in the
2   sense that if the issue is that you need more time to
3   prepare for today's hearing, I'm hearing the Government
4   state its willingness to, you know, continue this hearing
5   until such time as you feel you're fully prepared and
6   certainly the Court is willing to do that.
7           MR. BRINK:  That's very kind.
8           THE COURT:  So, would you like more time to be
9   prepared for today, or do you feel that you can go forward?
10          MR. BRINK:  I would like the time.  The statute
11  gives me five days from -- first appearance was on the 8th,
12  which would be the --
13          THE COURT:  13th.
14          MR. BRINK:  Excluding -- yeah.
15          THE COURT:  But do we exclude the two weekend
16  days?
17          MR. BRINK:  Yes.
18          THE COURT:  Then it's the 15th, Thursday.
19          MR. BRINK:  But you can extend that for good
20  cause.
21          THE COURT:  Do you need me to extend it beyond
22  Thursday, Mr. Brink?
23          MR. BRINK:  I would.  I promise you I will work
24  diligently.
25          THE COURT:  What would the good cause be if I were

1    to extend it beyond the 15th?
2             MR. BRINK:  I'm sorry?
3             THE COURT:  What would the good cause be if I were
4    to extend it beyond the 15th?
5             MR. BRINK:  I was just denied access to my client.
6             THE COURT:  Even assuming that that's the case,
7    I'm hearing you tell me that that was -- that occurred over
8    the weekend and that you've had some amount of time with him
9    today, and of course there's Tuesday and Wednesday between
10   now and Thursday, so I'm not hearing a reason to extend it
11   beyond Thursday.
12            MR. BRINK:  I can live with Thursday.
13            THE COURT:  Okay.  Let me speak with Mr. Dunne
14   again.
15            MR. DUNNE:  Whatever fits into your schedule.
16            THE COURT:  Yeah.  I've been told that my schedule
17   is what controls.  I was unaware of that.
18            Mr. Dunne, my concern is only this:  I want to
19   make sure that the Government is consenting to postponement
20   of this hearing until sometime on Thursday.  I don't want to
21   have an issue with a claim that Mr. Brink has not had
22   adequate time with his client to prepare for the hearing.
23            MR. DUNNE:  Understood.
24            THE COURT:  Are you in agreement with that?
25            MR. DUNNE:  Oh, yes, Your Honor.  I have no

1   objection to continuing the matter until Thursday.  I
2   obviously don't run the jail, but within the constraints of
3   the honest recognition of this security breach on Friday, I
4   would ask the marshals -- and I'll call out to Sherburne and
5   make sure that Mr. Brink has access within the security
6   measures that the jail has to take because of what
7   Mr. Knutson did.
8           THE COURT:  Understood.  I am assuming that
9   Mr. Brink will be given -- however they administratively do
10  it, I'm sure that he'll be given access to his client at the
11  Sherburne County Jail between now and Thursday.
12          Ms. Midtbo, what do we have on Thursday that's
13  available?
14          MR. BRINK:  As long as we're on the subject, Your
15  Honor, I've had other clients in segregation up there, and
16  basically the lawyers can get in.  It takes a little longer
17  because they have to get him out of the seg unit, but that's
18  no great strain.  But basically, the access is from 8 to 5
19  in the afternoon or something like that.  Previously, my
20  access to segregated prisoners has been the same as my
21  access to other prisoners.
22          THE COURT:  Okay.  Well, I am going to assume that
23  you will have adequate opportunity to meet with your client
24  and prepare for the hearing and that we'll go forward on
25  Thursday of this week.

1     Ms. Midtbo, what do we have?
2         (Discussion off the record between Ms. Midtbo and
3  the Court)
4                    IN OPEN COURT
5         THE COURT:  Okay.  We will continue this hearing
6  then to Thursday at 9:30 in this courtroom, at which time we
7  will address both the preliminary hearing and the detention
8  hearing.
9         MR. BRINK:  Thank you.  I appreciate it, Your
10 Honor.
11        THE COURT:  Okay.
12        MR. DUNNE:  Thank you.
13        THE COURT:  Thank you both.  Court is in recess.
14        (Proceedings concluded at 3:15 p.m.)
15                *    *    *    *

**C E R T I F I C A T E**

I, **TIMOTHY J. WILLETTE**, Official Court Reporter for the United States District Court, do hereby certify that the foregoing pages are a true and accurate transcription from an audio digital recording of proceedings taken in the aforementioned matter, to the best of my skill and ability.

*/s/ Timothy J. Willette*

**TIMOTHY J. WILLETTE, RDR, CRR, CRC**
Official Court Reporter - U.S. District Court
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota  55415-2247
612.664.5108