UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:17-cr-00157-MJD-HB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TODD SEAVER KNUTSON, | |
| Defendant. | |

Todd Knutson moved to suppress evidence obtained from the seizure and search of a digital video recorder ("DVR"), which was taken pursuant to a warrant. [Def.'s Mot., ECF No. 35.] Raising a "four corners" challenge, Mr. Knutson asserts that any evidence obtained from the DVR should be suppressed because the warrant was not supported by probable cause and did not particularly describe the objects sought. For the reasons set forth below, the Court concludes that the affidavit upon which the warrant was based established probable cause to search the DVR and that the warrant described the item to be searched. Accordingly, the Court recommends that the motion to suppress be denied.

**I.     The Search Warrant and Affidavit**

United States Magistrate Judge Hildy Bowbeer[1] issued a warrant authorizing the search of Mr. Knutson's DVR on June 20, 2017. FBI Special Agent Matthew Parker submitted a sworn affidavit in support of the warrant application. In the affidavit, Agent Parker described that the FBI and St. Paul Police Department had been investigating Mr. Knutson's suspected involvement in the possession and distribution of large amounts of methamphetamine and his possession of multiple firearms at his residence on Arkwright Street in St. Paul. [Parker Aff. ¶ 4.][2]

On June 6, 2017, law enforcement personnel seized three pounds of methamphetamine, a bullet proof vest, multiple firearms, and ammunition from the Arkwright residence through the execution of a state search warrant. [Parker Aff. ¶ 4.][3] During the search officers also seized the DVR at issue. [Parker Aff. ¶ 2.] Officers noticed several video surveillance cameras situated inside and outside the home, and Agent Parker believed the DVR was connected to the surveillance system at Mr. Knutson's residence. [Parker Aff. ¶ 5.] Following the seizure of the DVR,

---

[1]     Because Judge Bowbeer issued the search warrant challenged by Mr. Knutson's motion, the undersigned has agreed to address the suppression motion related to that warrant.

[2]     The Parker Affidavit is in the record along with the search warrant at issue. These documents are found at government's Exhibit 4, ECF No. 47-4.

[3]     This Report and Recommendation concerns only evidence obtained from the search of the DVR and does not address the validity of the search warrant that led to the discovery of weapons and drugs at Mr. Knutson's residence on Arkwright Street.

Agent Parker applied for the federal search warrant at issue here, seeking permission to review its contents.

In his application for the DVR search warrant now at issue, Agent Parker explained that following the execution of the residential search warrant Mr. Knutson had been arrested and was charged in federal court with intent to distribute methamphetamine. [Parker Aff. ¶ 4.] He had also been charged with unlawfully possessing firearms after having been convicted of a felony. [*Id.*] With respect to the DVR, Agent Parker stated that he "does not know whether there are any photographs or additional digital media contained on the DVR." [Parker Aff. ¶ 6.] Nevertheless, Agent Parker stated that:

> [he] believe[d] that if th[e] DVR recorded activities of the persons coming and going from the Arkwright residence, there is probable cause to believe that those photographs or other digital media contain evidence relevant to the criminal activities charged in this case, namely illegal possession of firearms and distribution of methamphetamine.

[*Id.*] Agent Parker asserted that the existence of photographs and other digital media evidence could identify suppliers, purchasers, and other individuals associated with the distribution of methamphetamine or possession of firearms. [*Id.*]

Based on this information, Special Agent Parker received permission from Magistrate Judge Bowbeer to search the DVR seized from Mr. Knutson's residence.

## II.   Analysis

Mr. Knutson raises two arguments in support of his motion to suppress. First, he asserts that the warrant was not supported by a sufficient showing of probable

3

cause to search the DVR. [Def.'s Mem. at 8-9, ECF No. 56.] Second, he argues that the warrant fails the Fourth Amendment's particularity requirement. [Def.'s Mem. at 9.] For the reasons that follow, the Court finds neither of these arguments persuasive.

### *Probable Cause*

After carefully reviewing the materials submitted by the parties, the Court concludes that the warrant to search the DVR was based on probable cause. "Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Skoda*, 705 F.3d 834, 838 (8th Cir. 2013) (quotation marks omitted) (citing *United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007) and *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). To determine whether probable cause exists, a court does not independently assess each piece of information; rather, it considers "all of the facts for their cumulative meaning." *United States v. Allen*, 297 F.3d 790, 794 (8th Cir. 2002). "There must be evidence of a nexus between the contraband and the place to be searched." *United States v. Johnson* 848 F.3d 872, 878 (8th Cir. 2017) (quotation marks omitted) (quoting *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)).

The task of a court issuing a warrant is "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also United States v. Shockley*, 816 F.3d 1058, 1061 (8th Cir. 2016). The issuing court's "'determination of probable cause should be paid great

4

deference by reviewing courts.'" *Gates*, 462 U.S. at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the issuing court had a 'substantial basis for . . . [concluding]' that probable cause existed." *Id.* at 238-39 (quoting *Jones v. United States*, 362 U.S 257, 271 (1960)).

Here, the search warrant was grounded on a strong showing of probable cause. Agent Parker's affidavit describes that the FBI and St. Paul Police had been investigating Mr. Knutson's involvement in the sale of methamphetamine and the unlawful possession of firearms at the Arkwright residence since receiving information about those illegal activities. During the search of Mr. Knutson's home, these suspicions were confirmed by the discovery of three pounds of methamphetamine as well as multiple firearms and ammunition. This led to Mr. Knutson's arrest and the government bringing criminal charges.

Against this backdrop, Agent Parker's affidavit establishes a fair probability that the surveillance cameras located inside and around the residence, which he believed were connected to the DVR, would have captured information relevant to the criminal investigation. Agent Parker explained that evidence from the DVR could also implicate additional persons who are involved in the possession of firearms or the distribution of methamphetamine. Beyond considerations of a larger illegal drug network, the DVR at issue was discovered on Mr. Knutson's property and is a probable location of incriminating evidence given that officers had information connecting Mr. Knutson's possession of firearms and methamphetamine to his

5

residence. It was reasonable, based on this information, for the issuing court to infer that evidence of criminal activity would be documented on the DVR. For these reasons, the affidavit supporting the warrant to search the DVR at issue here established probable cause, and the warrant was issued in accordance with the Fourth Amendment. Moreover, in light of the significant deference a reviewing court is required to give to the issuing court's determination of probable cause, the information in Agent Parker's affidavit easily meets the threshold of providing a substantial basis for Judge Bowbeer's determination that probable cause existed.

Because Agent Parker stated in his affidavit that he did not know whether there are any photographs or other digital media on the DVR, Mr. Knutson asserts that "the search warrant execution [was] a pure blind fishing expedition to find out what may be on the medium." [Def.'s Mem. at 8-9.] This argument is unpersuasive. An affiant need only establish a fair probability that the search will reveal evidence of a crime, not certainty that the search will be fruitful. Requiring such certainty prior to the execution of a search warrant would be a much higher bar than probable cause, and Agent Parker's candor does nothing to undermine the otherwise established probable cause.

### *Particularity*

The Court also concludes that Mr. Knutson has not shown that the DVR search warrant fails the particularity requirement. The Fourth Amendment requires warrants to "particularly describe[e] the place to be searched. . . ." U.S. Const., amend.

6

IV. "Particularity prohibits the government from conducting general, exploratory rummaging of a person's belongings." *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014) (citation and quotation marks omitted). "To satisfy the particularity requirement . . . , the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." *Id.* (citation omitted).

Here, the search warrant described the DVR to be searched as follows: "Bunker Hill Security Digital Video Recorder, Silver and Black in Color, Serial Number 369471553" which concealed "[p]hotographs, video recordings or other digital media depicting persons associated with the illegal possession/distribution of methamphetamine and firearms." [Gov't's Ex. 4 at 1.] Mr. Knutson argues that "the warrant is a general one, seeking whatever happens to be on the DVR without meeting the particularity requirement of the Fourth Amendment." [Def.'s Mem. at 9.] Although in the context of searches of certain digital media devices, some cases suggest that a warrant should include limitations as to specific photos and videos to be reviewed and a relevant time frame to satisfy the particularity requirement,[4] Mr. Knutson does not explain how the description of the specific DVR to be

---

[4]   *See United States v. Winn*, 79 F. Supp. 3d 904, 920-21 (S.D. Ill. 2015) (concluding that a warrant authorizing the search of a phone failed the particularity requirement because it could have been more specific as to the photos and videos sought and "should have specified the relevant time frame") (citing *United States v. Mann*, 592 F.3d 779, 780-81 (7th Cir. 2010) (regarding particularity of images sought), and *United States v. Lazar*, 604 F.3d 230, 238 (6th Cir. 2010) (concerning overbreadth where a more specific time frame is available to police)).

7

searched or the itemization of the photos, videos, or other digital media to be reviewed renders the warrant at issue in this case insufficiently particular.

"The standard used to determine whether a warrant description is sufficiently specific is one of 'practical accuracy,' and the degree of specificity may change according to circumstances." *United States v. Jansen*, 470 F.3d 762, 766 (8th Cir. 2006) (quotation marks omitted). Given the information available to the officers about the DVR and their showing of probable cause to believe that the DVR could contain evidence documenting the arrival and departure of drugs and guns, the DVR warrant was sufficiently specific. The warrant itself authorized officers to search a specific recording device for digital media depicting drug trafficking activity and unlawful possession of firearms. This does not amount to an authorization for law enforcement to conduct a "general, exploratory rummaging of [Mr. Knutson's] belongings." *Sigillito*, 759 F.3d at 923. And even if the warrant had lacked particularity, Mr. Knutson does not explain how the officers conducting the search of the DVR would be unable to rely on the warrant in good faith. *See United States v. Leon*, 468 U.S. 897 (1984) (establishing the rule that evidence obtained pursuant to a search warrant need not be suppressed where officers relied on the warrant in good faith).

## RECOMMENDATION

For these reasons, the Court recommends that Mr. Knutson's motion to suppress **[ECF No. 35]** be **DENIED** to the extent it challenges the search of the DVR.

Date: November 13, 2017

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.