# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

                                        **AMENDED**

v.                            **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 17-00157 (MJD)

TODD SEAVER KNUTSON,

        Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Todd Seaver Knutson, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Todd Seaver Knutson's Pro

Se Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 174); Defendants'

Requests to Lift Stay on § 2255 Motion (Docs. 183, 187); and the Government's

Motion to Dismiss Defendant's Motion to Vacate Sentence Under 28 U.S.C. §

2255 (Doc. 188).  The Government summarizes the relevant procedural history in

this way:

> In January 2018, Knutson pleaded guilty to Count 3 of the
> superseding indictment charging him with possession with intent to
> distribute 500 grams or more of methamphetamine, in violation of

1

21 U.S.C. §§ 841(a)(1) and(b)(1)(A).  As part of his plea agreement, Knutson reserved the right to appeal the denial of some of his suppression motions and his motion for a <u>Franks</u> hearing.  In April 2019, this Court sentenced Knutson to a 235-month prison term. Knutson appealed, and the Eighth Circuit affirmed.  <u>United States v. Knutson</u>, 967 F.3d 754 (8th Cir. 2020).

In July 2024, Knutson filed a motion for DNA testing of certain evidence seized in his case pursuant to the Innocence Protection Act, which was denied.  In September and October 2024, Knutson filed several pro se motions. . . .

This Court denied Knutson's pro se motions, explaining they all related to the Court's Order denying Knutson's motion for DNA testing and were therefore moot.  The Court added that "even if the motions had been filed prior to the Court's filing of its Order, all the motions, except the motion to dismiss, would have been denied on the merits."  Knutson appealed, and on January 3, 2025, the Eighth Circuit summarily affirmed.

Prior to the Eighth Circuit ruling, Knutson filed a motion to vacate his sentence under 28 U.S.C. § 2255. . . . He later filed a motion to stay the § 2255 proceedings, which this Court denied as moot.  This Court then ordered the government to file a response to Knutson's § 2255 motion to vacate sentence. . . .

(<u>Id.</u> at 1-3 (citations omitted).)

## II.     DISCUSSION

Defendant argues that his arrest on June 6, 2017 was not supported by probable cause.  (Doc. 174 at 5-7.)  He also asserts that his sentence does not comport with the Supreme Court's decision in <u>Erlinger v. United States</u>, 602 U.S. 821 (2024).  (<u>Id.</u> at 7-9.)

## A.    Timing

A one-year period of limitation shall apply to petitions under 28 U.S.C. §

2255.

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the
United States is removed, if the movant was prevented from making
a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by
the Supreme Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2255(f); see also Russo v. United States, 902 F.3d 880, 882 (8th Cir.

2018) (habeas relief based on retroactivity must be filed within "one year of the

date the right asserted was initially recognized by the Supreme Court").

### 1.    Date on Which Judgment of Conviction Became Final

On July 24, 2020, the Eighth Circuit affirmed Defendant's conviction and

sentence.  (Doc. 129.)  Defendant had 90 days from the date of entry of judgment

3

or order sought to be reviewed, i.e., October 24, 2020, to file a petition for a writ of certiorari with the Supreme Court.  See S. Ct. R.13.1, R.13.3.  Defendant did not file a writ.  Therefore, his conviction became final on October 24, 2020 and Defendant had until October 24, 2021 to file his § 2255 petition.

Defendant filed his motion on December 23, 2024, over three years after the one-year filing deadline had passed.  This ground is inapplicable.

### 2.    Date on Which a Government Impediment Was Removed

Defendant does not allege any Government impediment to his ability to file his § 2255 petition.  This ground is inapplicable.

### 3.    Date on Which a Right Was Newly Recognized by the Supreme Court and Made Retroactively Applicable to Cases on Collateral Review

Defendant asserts that his motion is timely based on the Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024).  In Erlinger, the Supreme Court held that under the Fifth and Sixth Amendments, a criminal defendant is entitled to have a jury unanimously determine beyond a reasonable doubt whether his past offenses were committed on separate occasions for ACCA purposes.  604 U.S. at 834-35.  Defendant, however, was not sentenced under the ACCA.  Erlinger does not apply to other sentencing enhancements.

4

Even if <u>Erlinger</u> applied to the facts of Defendant's case, <u>Erlinger</u> is not retroactive, so it would not restart the statute of limitations.  <u>See</u> <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013) ("The declaration of retroactivity must come from the Justices.") (citing <u>Dodd v. United States</u>, 545 U.S. 353, 359 (2005); <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001) (holding that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive") (cleaned up)).

Moreover, the rule announced in <u>Erlinger</u> was a "new rule" because the result "was not dictated by precedent."  <u>See</u> <u>Chaidez v. United States</u>, 568 U.S. 342, 347 (2013) (explaining same).  A new rule normally applies retroactively on collateral review only if it is substantive and not merely procedural.  <u>Edwards v. Vannoy</u>, 593 U.S. 255, 264 (2021) (explaining that a new procedural rule will apply retroactively only if it constitutes a "watershed rule of criminal procedure," which has yet to occur) (citations omitted).  A rule that says a jury rather than a judge determines the manner of determining a defendant's culpability "is properly classified as procedural."  <u>Schriro v. Summerlin</u>, 542 U.S. 348, 353 (2004); <u>Owens v. Jett</u>, No. 10-CV-4316 PJS/TNL, 2011 WL 4860168, at *2 (D. Minn. Oct. 13, 2011) ("Substantive rules 'alter[ ] the range of conduct or the

class of persons that the law punishes,' while procedural rules 'regulate only the

<u>manner of determining</u> the defendant's culpability. . . .'") (quoting <u>Schriro</u>, 542

U.S. at 353) (emphasis in original).  Thus, the rule announced in <u>Erlinger</u> is not

substantive because it alters "only the manner of determining the defendant's

culpability" and thus involves a rule of criminal procedure that does "not apply

retroactively on federal collateral review."  <u>Edwards</u>, 593 U.S. at 276.

This ground is inapplicable.

> **4.    Date on which the Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence**

In his reply, Defendant appears to make arguments related to both issues,

above.  First, he asserts that this whole case is about his due diligence.  (Doc. 189

at 1.)

Second, Defendant seems to argue that the Government conceded certain

information related to a "domestic warrant" in a November 2024 filing,

something he uncovered thanks to his own due diligence.  (<u>Id.</u>)  The Court

assumes Defendant refers to the warrant mentioned in the following footnote

from Magistrate Judge Bowbeer's November 14, 2017 Report and

Recommendation on Defendant's Motions to Suppress: "The [Task Force]

additionally asserts, without elaborating, that it had a 'verbal felony domestic

violence/probable cause pick-up' for Knutson issued from the Ramsey County

family domestic violence unit.  (Gov't Resp. to Pretrial Suppression Mots. at 2

[Doc. No. 47])."  (Doc. 61 at 6 n.2.)  Based on this citation, Defendant could have

discovered this claim as of November 2017 because it was part of the record.

More importantly, Judge Bowbeer merely acknowledged this evidence, which

was cited by the Government.  Neither Judge Bowbeer nor this Court relied on

the evidence when finding that the warrants in this case were supported by

probable cause.  All the Court's decisions were affirmed by the Eighth Circuit.

This matter is closed.

Third, although it is difficult to discern, Defendant appears to ask the

Court to amend the record in his case and, perhaps, also to change his Guidelines

to an offense level of 30 because the Plea Agreement stated that he entered a

conditional guilty plea to possession with intent to distribute a mixture and

substance containing a detectable amount of methamphetamine rather than pure

methamphetamine.  Defendant may ask this, at least in part, because the Court

sentenced Defendant within the Guidelines outlined in the plea agreement rather

than the Guidelines provided in the PSR.  Defendant asserts that his argument

falls under <u>Erlinger</u> and thus will "make [him] fall in the one year for Supreme Court [rulings]."  (<u>Id.</u> at 2.)

The Court disagrees.  This ground is inapplicable.  In addition, the transcript of the sentencing hearing and the Court's Statements of Reasons explain the disparity between the Guidelines range and the downward sentencing variance Defendant received.  (Docs. 106, 107 at 6, 116 at 4-5.)

### 5.    Conclusion

Based on the above discussion, Defendant's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 will be denied and the Government's Motion to Dismiss Defendant's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 will be granted.

### B.    Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).   With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

III.    ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED**:

1.    The Government's Motion to Dismiss Defendant's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Doc. 188]** is **GRANTED**;

2.    Defendant's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Doc. 174]** is **DENIED**;

3.    Defendant's Pro Se Request to Lift Stay on § 2255 Motion **[Doc. 183]** is **DENIED as moot**;

4.    Defendant's Second Pro Se Request to Lift Stay on § 2255 Motion **[Doc. 187]** is **DENIED as moot**; and

5.    No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  April 16, 2025

s/Michael J. Davis
Michael J. Davis
United States District Court