UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

     Plaintiff,

v.

Todd Seaver Knutson,

     Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 17-00157(MJD)

Katherine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Todd Seaver Knutson, Defendant, Pro Se.

This matter is before the Court on Defendant's Pro Se Rule 60 Motion.

(Doc. 194.)

## I.    Background

In January 2018, Knutson pleaded guilty to Count 3 of the superseding

indictment charging him with possession with intent to distribute 500 grams or

more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and(b)(1)(A).  In

April 2019, this Court sentenced Knutson to a 235-month prison term.  Knutson

appealed, and the Eighth Circuit affirmed.  United States v. Knutson, 967 F.3d

754 (8th Cir. 2020).  On December 23, 2024, Knutson filed an untimely motion

1

under 28 U.S.C. § 2255 to vacate his sentence, arguing, as relevant here, that the warrant for his arrest lacked probable cause.  Specifically, he argued that the motion was timely based on his "diligence in pursuing his rights," which had led him to discover the reference to a 2024 "domestic violence/probable cause pick up" in Magistrate Judge Hildy Bowbeer's Report and Recommendation.  (Docs. 174; 189 (Reply (citing Doc. 61 (R&R) at 6 n.2)).)  The Government opposed the motion based on the statute of limitations.  The Court denied Knutson's motion and declined to issue a certificate of appealability.  (Doc. 191.)  The Court found that Knutson could have discovered Magistrate Judge Bowbeer's mention of the domestic violence/probable cause pick up "as of November 2017 because it was part of the record."  (Id. at 7.)  On April 17, 2025, the Court entered judgment. (Doc. 192.)

Knutson now files a motion under Fed. R. Civ. P. 60(b)(1) arguing that the Court erred in making its finding.  (Doc. 194 at 1-2.)  Knutson asks the Court to reopen his § 2255 motion so that he can pursue the claim discussed above.

## II.    Defendant's Rule 60(b)(6) Motion

Because the Court has ruled on the § 2255 petition and judgment has been entered, the Court must determine whether to construe the present motion as

2

one under Rule 60(b)(6) of the Federal Rules of Civil Procedure or as a successive habeas petition.

### III.    Rule 60(b)(6)

Rule 60(b)(6) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . any other reason justifying relief."  "[R]elief under rule 60(b)(6) remains an extraordinary remedy for exceptional circumstances."  City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 702 F.3d 1147, 1155 (8th Cir. 2013) (citation omitted).

When a petitioner files a motion pursuant to Rule 60 following the dismissal of his habeas petition, the Court is to conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255.  Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  This inquiry is necessary because the law is clear that a petitioner "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."  United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).  Prior to filing a successive petition for relief, the

petitioner must first move in the appropriate court of appeals for an order

authorizing the district court to consider the application.  28 U.S.C. § 2255(h).

A Rule 60(b) motion should be construed as a successive habeas petition if

the motion contains a claim as defined in Gonzalez v. Crosby, 545 U.S. 534 (2005).

See Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).  In Gonzalez, the Supreme

Court defined a "claim" as one that sought to add a new ground for relief or one

that attacks the federal court's previous resolution of a claim on the merits.  545

U.S. at 532.  On the other hand,

> [n]o claim is presented if the motion attacks some defect in the integrity of
> the federal habeas proceedings.  Likewise, a motion does not attack a
> federal court's determination on the merits if it merely asserts that a
> previous ruling which precluded a merits determination was in error—
> for example, a denial for such reasons as failure to exhaust, procedural
> default, or statute-of-limitations bar.  This reasoning is illustrated
> in Gonzalez, in which the petitioner moved for relief from judgment
> challenging the district court's determination that his habeas petition was
> time barred under AEDPA.  Because the motion challenged only the
> statute of limitations that applied to the habeas proceeding and did not
> assert a claim, the Supreme Court held that it was not a second or
> successive habeas petition.

Ward, 577 F.3d at 933 (internal citations omitted).

A Rule 60 motion that is "an attack based on the movant's own conduct, or

his habeas counsel's omissions, ordinarily does not go to the integrity of the

proceedings, but in effect asks for a second chance to have the merits determined

4

favorably." Id. (quoting Gonzalez, 545 U.S. at 532 n.5). Based on Gonzalez, the Eighth Circuit held a Rule 60(b) motion that claimed the petitioner was incompetent when his original habeas petition had been litigated was, in effect, a new claim of ineffective assistance of counsel based on counsel's failure to present petitioner's incompetence to the court, and that the district court was correct to dismiss the motion as a successive habeas petition. Id. at 934.

In this case, Knutson argues that the Court erred when it found that he could have discovered Magistrate Judge Bowbeer's mention of the "domestic violence/probable cause pick up" in November 2017 "because it was part of the record." (Doc. 191 at 7.) This is not a claim that attacks "some defect in the integrity of the federal habeas proceedings" or a claim involving "failure to exhaust, procedural default, or statute-of-limitations bar." Ward, 577 F.3d at 933. Rather, the Court finds that Knutson attacks the federal court's previous resolution of a claim on the merits. See Gonzalez, 545 U.S. at 532. Accordingly, the Court finds that the motion before it is a successive habeas petition.

Moreover, Knutson did not move in the Court of Appeals for an order authorizing the district court to consider his motion as required under § 2255(h). As a result, dismissal of the motion is appropriate. See Boyd, 304 F.3d at 814.

## IV.  Certificate of Appealability

With regard to the Court's rulings, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural rulings."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Therefore, the Court denies a Certificate of Appealability in this case.

## V.  Order

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED:**

1.  Defendant's <u>Pro Se</u> Rule 60 Motion **[Doc. 194]** is **DISMISSED without prejudice**;

2.  The Government's Motion to Dismiss Defendant's Motion For Relief From Judgment Under Rule 60 **[Doc. 196]** is **GRANTED**; and

3.  No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  May 12, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court
